DAVID DARNELL NELSON, JR.,

                    Plaintiff,

v.                                                    Case No. 19-cv-1380-pp

DAQUELA M. PAYNE, LORI KNUTSMAN,
PETER J. MARIK, NEIL THORSON,
and MILWAUKEE POLICE OFFICER,

                    Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 11) AND DISMISSING CASE**

---

On September 29, 2020, the court screened David Darnell Nelson, Jr.'s complaint under 42 U.S.C. §1983, dismissed it because it failed to state a claim and allowed him to file an amended complaint by October 23, 2020. Dkt. No. 10. On October 22, 2020, the court received the amended complaint, which is now before the court for screening. Dkt. No. 11.

**I.    Federal Screening Standard**

As the court explained in the first screening order, it must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

2

Case 2:19-cv-01380-PP   Filed 01/22/21   Page 2 of 8   Document 12

## II. Screening the Amended Complaint

### A. Allegations in the Complaint

The original complaint alleged false arrest and/or false imprisonment, excessive force, unconstitutional strip-searching, kidnapping and retaliation. Dkt. No. 10 at 5–8. The amended complaint excludes the claims of excessive force, retaliation, strip-searching and kidnapping, but reiterates the plaintiff's allegations of false arrest or false imprisonment.

The plaintiff alleges that on July 15, 2019, "[his] agent Daquela M. Payne, her supervisor Lori Knutsman, Peter J. Marik and Neil Thorson," along with a John Doe Milwaukee Police Officer, arrested him "for non-criminal things" and put him in the Milwaukee Secure Detention Facility (MSDF). Dkt. No. 11 at 2. The plaintiff says that he did not violate any state, federal or city laws. Id. He asserts that he is not required to agree with the Department of Community Corrections rules "by law by not signing to the agreement." Id. He alleges, however, that Payne, Knutsman and Thorson tricked him into signing "the Rules of Extended Supervis[i]on" and threatened to "lock me up in prison" if he did not sign them. Id. The plaintiff says he signed the rules because he did not want to be locked up in prison. Id.

The plaintiff alleges that there are "rules, polic[ie]s and procedures" that govern bringing a probationer into custody and setting limits on the length of time a probationer may be held in custody. Id. at 3. He states that in 2018, he was discharged from Milwaukee County Case Number 2012CF001222 (sexual assault of a child with no use of force). Id. The plaintiff says that the victim lied

3

to him about her identity and age, and that even though he did not rape her, because they had intercourse he was punished with five years. Id. The plaintiff asserts that he suffered from mental disorders such as post-traumatic stress disorder and obsessive/compulsive disorder, and that he should not have been charged or convicted because he was suffering from disorders that "change[d] [his] mind, will and emotions," that he was "not [him]self" and that he has trouble concentrating and thinking correctly. Id. He says that because of this disorder, his agent (presumably Payne) wanted him to complete a sex offender treatment program. Id. The plaintiff says he refused because he "could not and would not complet[e] the program any way. So why bother." Id.

The plaintiff says he asked Payne and Knutsman for assistance setting up Supplemental Security Income (SSI), but "they refuse to help me." Dkt. No. 11 at 3. He states that the defendants instead "locked [him] up in MSDF and revorcated [sic] [him] for 2 years." Id. The plaintiff alleges that he was ordered to serve the full length of his imprisonment, rather than the 15% sentence he believes he should have to serve. Id. He says that the defendants discriminated against him and violated Wisconsin Administrative Code by making him serve more than 15% of his sentence in custody. Id. at 4. The plaintiff seeks damages of $100 million and asks that the court "terminate the Defendant and charge them of false imprison[ment] and discriminat[]ing [against] there clients." Id.

B. Analysis

In the order screening the original complaint, the court noted that the plaintiff appeared to be trying to state a claim for either false arrest or false

4

imprisonment under the Fourth Amendment. Dkt. No. 10 at 5 (citing cases). The court explained that a probation officer, like Payne, needed "only a reasonable suspicion that the probationer violated a probation term to issue an apprehension request." Id. at 5 & n. 1 (citing Alston v. City of Madison, 853 F.3d 901, 911 (7th Cir. 2017), Knox v. Smith, 342 F.3d 651, 657 (7th Cir. 2003), and Wis. Admin. Code §DOC 328.27(2)). The court told the plaintiff that in his amended complaint, he needed to explain whether Payne lacked reasonable suspicion that he violated the conditions of his extended supervision. Id. at 9.

The amended complaint does not explain whether Payne had reasonable suspicion to believe that the plaintiff violated the conditions of his supervision. He says that he did not violate any state, federal or city law. But he also states that he refused to participate in a sex offender treatment program in which his agent told him to participate. As the court explained in the order screening the original complaint, the plaintiff's failure to participate in that program—if the conditions of his supervision required his participation—would have provide reasonable suspicion under the Fourth Amendment for Payne to take the plaintiff into custody. Id. at 6. The plaintiff's own allegations suggest that Payne acted within her authority as the plaintiff's probation agent when she took him into custody for failing to attend the sex offender treatment program.

The plaintiff also alleges that Payne, Knutsman and Thorson forced him to sign rules of extended supervision under threat of imprisonment. Perhaps the plaintiff is alleging that he never agreed to the extended supervision

5

conditions—that he signed them only to avoid imprisonment and thus that he could not have been incarcerated for violating conditions to which he did not voluntarily agree.

Regardless of whether the plaintiff is arguing that he did not violate the conditions of supervision or whether he is arguing that he never agreed to those conditions and thus was subject to an invalid revocation, the plaintiff may not proceed on those claims in this §1983 lawsuit. The court previously explained that if the plaintiff was "challenging the fact that he is in prison or how long he will be in prison," he had to raise those challenges in a *habeas corpus* petition. Dkt. No. 9 at 10 (citing Heck v. Humphrey, 512 U.S. 477 (1994)). The same rule applies to his challenge to the conditions of his extended release, see Savickas v. Walker, 180 F. App'x 592, 594 (7th Cir. 2006) (citing Heck and Williams v. Wisconsin, 336 F.3d 576, 579–80 (7th Cir. 2003)), and his challenge to the revocation of his supervision or the length of imprisonment he faced from revocation, see Bowman v. Dubois, No. 17-CV-1513-PP, 2018 WL 4178180, at *4 (E.D. Wis. Aug. 30, 2018) (citing Moran v. Sondalle, 218 F.3d 647, 650–51 (7th Cir. 2000)). The plaintiff may not bring any of those challenges in a lawsuit under §1983. The proper way to bring those challenges is for the plaintiff to file a petition for *habeas corpus* under 28 U.S.C. §2254. Until the plaintiff successfully invalidates the conviction or the revocation, he may not pursue damages against the defendants for claims related to his conviction, sentence or revocation.

The plaintiff also alleges that the defendants violated Wisconsin Administrative rules or Department of Corrections regulations when they sentenced or reincarcerated him. Section 1983 protects against federal *constitutional* violations, not violations of state law or departmental regulations or practices. See <u>Wells v. Caudill</u>, 967 F.3d 598, 602 (7th Cir. 2020); <u>Estate of Simpson v. Gorbett</u>, 863 F.3d 740, 746 (7th Cir. 2017). The plaintiff may not proceed on a claim alleging violations of Wisconsin laws or regulations.

Nor does the plaintiff state a claim against Payne and Knutsman for not helping him set up his SSI. The Constitution does not require probation officers to help supervisees apply for benefits. While the plaintiff may be frustrated at the fact that Payne and Knutsman refused to help him with something that was probably a struggle for him, their refusal (if they did refuse) did not violate federal law or the Constitution.

### III. Conclusion

The court **ORDERS** that this case is **DISMISSED without prejudice.** The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 22nd day of January, 2021.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**